**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHANIE SUZANNE VANDUKER,

    Defendant - Appellant.

No. 20-4021
(D.C. No. 4:19-CR-00079-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Stephanie Suzanne Vanduker pleaded guilty to possession of

methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  She

was sentenced to serve 96 months in prison.  Although her plea agreement contained

a waiver of her appellate rights, she filed a notice of appeal.  The government has

moved to enforce the appeal waiver in the plea agreement pursuant to *United States*

*v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Ms. Vanduker's appeal is within the scope of the appeal waiver; (2) she knowingly and voluntarily waived her appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Ms. Vanduker concedes her appeal waiver is enforceable under the standard set forth in *Hahn*. Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Ms. Vanduker's right to pursue post-conviction relief on the grounds permitted in her plea agreement.

Entered for the Court
Per Curiam